IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham, ) | Civil Action No. 8:05-02230-CMC-BHH |
| ) Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| A Coker and C Miller, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On September 22, 2005, the defendants filed a motion to dismiss the complaint for failure to state a claim. By order of the court filed August 10, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response in opposition to the motion on October 14, 2005.

## FACTS PRESENTED

In his complaint, the plaintiff alleges that he was arrested on February 24, 2004, after being pulled over for a traffic violation. The car he was driving was reported stolen and the plaintiff was arrested. The two defendants, North Charleston police officers, searched the trunk of the car and confiscated his belongings, including $630.00 found in the trunk and $76.00 the plaintiff had on his person. The plaintiff was charged with entering a bank with intent to steal. The plaintiff alleges that "he knew nothing about no bank

robbery" and was "not put in a line up or identified by the so-called victim." In October, 2004, the plaintiff pled guilty.[1] The plaintiff alleges that the money was not returned to him, even though "it is required by law that any money, property, etc. that is confiscated and not used against [him] in a court of law must be returned to [him]." (comp. at 3). The plaintiff states that he is "suing for unprofessional and unlawful procedures during a criminal investigation and case." (comp. at 4).

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Iodice v. United States*, 289 F.3d 270, 273 (4th Cir. 2002). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

---

[1] The plaintiff alleges that he was forced to plead guilty by his attorney and the trial judge.

2

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## **DISCUSSION**

It is difficult to determine the constitutional basis for the plaintiff's claim. It is unclear whether he is alleging that his property was seized without due process or whether he is complaining that there was no substantive basis for the seizure of the money. Reading the complaint liberally, as this court must in a *pro se* case, he appears to be asserting a due process claim, alleging that the defendants seized his property without any procedural due process. The defendants argue that the plaintiff has not stated a claim because he did not have a protected property interest in the seized money.

On a motion to dismiss, the only question is whether or not the plaintiff has alleged facts sufficient to state a claim. In this case, the plaintiff has done so. Whether or not the plaintiff has a protected property interest in the money seized from him is a factual question, the determination of which is premature at this point in the proceedings. There are no affidavits or incident reports in the record. Indeed, while the plaintiff states he was charged with entering a bank with intent to steal, it is unclear as to what charge he ultimately pled guilty, and whether or not it actually involved a bank robbery. In a footnote, the defendants state that most of the money at issue was found in a "Doritos" bag in the trunk of the plaintiff's car, but there are no affidavits of the arresting officers and in fact, no affirmative link between the money seized and the crime with which the plaintiff was charged. While the plaintiff, as argued by the defendants, may not have any right to the

3

return of contraband, this court cannot, on the record before it, determine whether or not the money was contraband. Accordingly, the motion to dismiss should be denied.[2]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion to dismiss be denied.

IT IS SO RECOMMENDED.

s/ Bruce Howe Hendricks
United States Magistrate Judge

March 2, 2006
Greenville, South Carolina

---

[2] In so recommending, this court makes no conclusion as to the ultimate merits of the plaintiff's claim. The defendants are in no way precluded from moving for summary judgment and presenting evidence showing that there is no genuine issue of material fact.