IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham, #262332, | ) |
| Plaintiff, | ) Civil Action No. 8:05-2230-CMC-BHH |
| vs. | ) **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| CPL. A. Coker and PT1 C. Miller, | ) |
| Defendants. | ) |

      This matter is before the Court on the defendants' motion for summary judgment. By order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion, on June 19, 2006.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTUAL BACKGROUND

      On February 24, 2004, the defendants initiated a traffic stop after the plaintiff was observed driving a burgundy Buick LeSabre the wrong way down a one-way street. (Coker Aff. ¶ 2.) The officers pulled the vehicle near the intersection of Spruill Avenue and Meeting Street, but the plaintiff was unable to produce a license or registration. *Id*. A check of the vehicle information revealed that the vehicle belonged to a Davis Coynor and that it had been reported stolen during a carjacking on February 15, 2004. (Coker Aff. ¶ 3.)

Davis Coynor was brought to the scene to identify the vehicle and those items which did and did not belong to him. (Coker Aff. ¶ 4.) Most of the items in the trunk did not belong to Coynor. *Id*. As a result, the officers prepared an inventory of the items in the trunk, listing the seized items on North Charleston Police Department Chain of Custody Sheets. (Coker Aff. ¶ 5.) $630.00 in small bills were found in a Doritos bag in the trunk and counted in the presence of the plaintiff. *Id*. The defendant Coker then placed the cash in the evidence locker at North Charleston Police Department Headquarters under evidence tag number 040900, identifying it as "Found Property." (Coker Aff. ¶ 6.) Neither of the named defendants had any further involvement with the cash once it was placed in the evidence locker. (Coker Aff. ¶ 9; Def. Mem. Summ. J. Attach. 4 at 1.)

The plaintiff contends that this money is his and has not been returned.

## **LAW AND ANAYLSIS**

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD OF REVIEW**

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

**I.    SECTION 1983 CLAIM**

The plaintiff seeks a return of $706.00 from the defendants. He contends that the money, which belonged to him and which was not proceeds of any illegal activity, was wrongly seized during his arrest and never returned. The defendants contend, based on *U.S. v. Thorpe*, 1994 WL 510442, at * 4 (4th Cir. September 20, 1994), that the money should be reasonably considered "contraband" wrongfully possessed by the plaintiff, in which he can have no property interest.[1]

---

[1] To that end, both the defendant and the plaintiff have discussed a charge of entering a bank with the intent to steal, to which the plaintiff apparently pled guilty. According to the defendant and the submitted chain of custody, the $706.00 was turned over to the bank as part of the plaintiff's plea agreement related to that charge. (*See* Def. Mem. Summ. J. Attach. 4 at 1.) The exact connection between that bank charge and the specific facts surrounding the seizure of the disputed monies is not fully clear to the Court. Notwithstanding, the Court need not perform some sort of tracing or make a determination based upon any legal presumption that the monies

3

The Court need not, and on the evidentiary record cannot, go so far. Regardless of whether the money was in fact contraband or the plaintiff's own property, he has no claim under Section 1983 because property interests do not give rise to constitutional violations. "[P]roperty interests 'are not created by the Constitution.'" *Parratt v. Taylor*, 451 U.S. 527, 541 n.1 (1981) (quoting *Board of Regents v. Roth*, 408 U.S. 564 (1972)), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Such rights are a creature of state law. *Parratt*, 451 U.S. at 541 n.1. Instead, the plaintiff must allege some constitutional basis separate from his interest simply in the property itself. *See, e.g., Hudson v. Palmer*, 468 U.S. 517 (1984) (alleging violation of due process clause as a result of destruction of inmate's property).

In his Complaint, the plaintiff has not identified any constitutional violation. In his response to summary judgment, the plaintiff summarily contends that his fourth and fifth amendment rights have been violated for the defendant's alleged failure to return his property. However, he has neither alleged nor demonstrated any facts, which would even reasonably be considered to implicate those rights. Although he claims that the defendants "illegally seized" the money, he has not alleged or produced any evidence of any defect in the search or seizure themselves. His allegation of illegal seizure appears to turn simply on the fact that he believes the money was his and not theirs. Of course such a fact, even if true, would never make the search and seizure, in the first instance, illegal. Those issues hinge on whether or not the defendants had the requisite legal cause to, first, search the vehicle and, second, to seize various materials found therein. But the plaintiff has not given any factual basis for the Court to analyze the propriety of the search and seizure in any respect. A constitutional violation simply cannot be discerned from the plaintiff's Complaint or brief.

---

seized should be somehow considered contraband of the bank charge. If such was necessary, the Court likely would conclude that genuine issues of fact remain.

The defendants have also put forward evidence that after February 25, 2004, the day following the plaintiff's arrest, the money was no longer in their possession. (Def. Mem. Summ. J. Attach. 4 at 1.) The plaintiff has produced no evidence to the contrary. Accordingly there remains no genuine issue as to whether the defendants could be liable for any constitutional violations which may have arisen in regards to the money after that date – they cannot.

## II.     State Law Claims

Having dismissed the plaintiff's federal claim against the defendants, the Court declines to exercise jurisdiction over the whatever state law claims the plaintiff may have against the same – for conversion or otherwise. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims, if any, are dismissed without prejudice.

## CONCLUSION

Wherefore, it is RECOMMENDED that the defendants' motion for summary judgment should be GRANTED and the plaintiff's federal claims against the defendants be DISMISSED with prejudice. It is further RECOMMENDED that the plaintiff's state law claims, of whatever kind, against the defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 26, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \*\*\* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \*\*\* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603**